# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 09-730 |
| | : | |
| MAURICE NICHOLS | | |

Baylson, J.                                                                                                    July 23, 2013

## MEMORANDUM RE § 2255 PETITION

Petitioner, Maurice Nichols, seeks relief because he asserts he was denied effective assistance of counsel. In this case, petitioner's original privately retained counsel filed a Motion to Suppress, but the Motion to Suppress was withdrawn by defense counsel with Nichols' approval. A new private attorney then entered his appearance for Nichols who filed a second Motion to Suppress physical evidence, but this was also withdrawn before a hearing.

Petitioner entered an open plea of guilty to the charges against him on September 22, 2010. There was no plea agreement. The plea colloquy at the time fully established that the guilty plea was voluntary and that no promises had been made to defendant about the sentence or anything else.

Most of Nichols' complaints relate to the sentencing hearing, which included a lengthy argument between government and defense counsel concerning the guideline calculation in the presentence report. The Court concluded that the advisory guideline range of imprisonment was 210 to 262 months of imprisonment, and there was no reason to impose a sentence below the guideline range. The Court sentenced Nichols to 210 months' imprisonment. On appeal, court

appointed counsel was permitted to withdraw after filing a brief in which he was unable to identify any substantive issue for review. Nichols was given the opportunity to file a supplemental brief and did so.

Nichols' arguments about his counsel being ineffective at sentencing are without merit. His counsel argued vigorously for a downward departure, and for a finding that Nichols was not a career offender. The lack of success is irrelevant. Nichols had a fair sentencing hearing and his attorney's alleged shortcomings did not cause the sentence to be any higher than it would have been otherwise. *Strickland v. Washington*, 466 U.S. 668 (1984).

An appropriate Order follows.

O:\Janice\ORDERS\09-730.memo.order.7.23.13.wpd